Lin v. Garland

BIA
Nelson, IJ
A206 899 515

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-one.

PRESENT:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
>     *Circuit Judges.*

_____

WENHUI LIN,
>     *Petitioner,*

v.                                       **19-140**
                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:         Zhen Liang Li, Law Office of Zhen Liang Li, New York, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Sherry D. Soanes, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Wenhui Lin, a native and citizen of the People's Republic of China, seeks review of a December 20, 2018, decision of the BIA affirming a November 1, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *See In re Wenhui Lin,* No. A 206 899 515 (B.I.A. Dec. 20, 2018), *aff'g* No. A 206 899 515 (Immig. Ct. N.Y. City Nov. 1, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.,* minus the inconsistency in the arrest warrant that the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also* 8 U.S.C.

2

§ 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. The agency's determination that Lin was not credible as to his claim that he was arrested, detained, and beaten in China on account of his religious practice is supported by substantial evidence.

The agency reasonably relied on Lin's inconsistent account of his past persecution as compared to the account in

3

his friend's letter. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167 (upholding agency's reliance on discrepancies between the petitioner's testimony and letters from third parties). Lin testified that his friend, Guiluan Lin was arrested with him, but his friend's letter states that "Lin, Wenhui was arrested with pastor and other members. They were detained . . . , they were asked to report to local police . . . , they lost their personal freedom." Certified Admin. Record 29. A plain reading of the letter suggests that Lin and others were arrested, but not Guiluan Lin. *See Hong Fei Gao*, 891 F.3d at 78, 81 (stating that direct contradictions and inconsistencies are more probative of credibility than omissions). The BIA was not required to credit an updated letter that Lin presented on appeal--in which Guiluan Lin stated that he had also been arrested and had not expressed himself well in the prior letter because of his limited education--as Lin did not allege any mistranslation or explain why a lack of education would have resulted in such a mistake. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements

4

to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)).

The agency also properly relied on the inconsistency between Lin's testimony and his mother's letter regarding when he first told her about going to church, as well as Lin's shifting testimony as he attempted to explain the discrepancy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Lin's mother wrote that Lin called her the night he first went to church to tell her that his friend was taking him to church; but Lin testified that he did not tell his mother until after he attended; and when confronted with the inconsistency, he testified that he had told her before, then that he had told her after, before finally stating he had called her twice. Although the initial discrepancy was relatively trivial and could be attributed to a poor memory, the IJ reasonably concluded that Lin's vacillating and contradictory responses undermined his credibility. And given Lin's ultimately detailed testimony about two telephone calls, the IJ did not err in rejecting his explanation of a poor memory. *See* *Majidi*, 430 F.3d at 80-81.

Accordingly, we find that the adverse credibility determination is supported by substantial evidence. *See Hong Fei Gao*, 891 F.3d at 76; *Xiu Xia Lin*, 534 F.3d at 165–66.[1] That determination is dispositive of the claims for asylum, withholding of removal, and CAT protection because the claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We do not rely on the IJ's finding that Lin failed to provide details about his medical treatment, where he testified to the treatment he received and that he was kept in the hospital for observation after a CT scan. We decline to remand on this basis because the findings discussed above constitute substantial evidence for the agency's decision. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir. 2006).